out they did on the trial, and which was previously supposed. He thinks he told defendant's attorney that they might not occupy near as much time as supposed, and but a little time, or words to that effect. Defendant's attorney said nothing to him about leaving court the 23d until he returned; and from the course pursued by defendant's attorney under the instructions of his client, he was satisfied that the design was to have this cause passed when the plaintiff was not ready, and thus get rid of its trial, from the inability of plaintiffs to pay the costs which would thereby be incurred.

N. Hill Jr., *Defts Counsel.*          E. C. Litchfield, *Defts Atty.*

R. W. Peckham, *Plffs Counsel.*          Peckhams & Colt, *Plffs Attys.*

Jewett, Justice.—Granted the motion, on payment of costs of opposing motion and of the circuit. Plaintiff to be permitted to enter judgment to stand as security. It was also decided by the court that no costs of the judgment should be allowed, as it was not then entered up : it must be entered up at the plaintiff's expense.

---

Asa H. Center et al. vs. Leonard Gosling, imp'd, &c.

A motion by defendant for leave to plead his bankrupt discharge will be granted on terms, notwithstanding a delay of about two years has intervened after suit commenced, the plaintiffs not having proceeded against him in the mean time.

*Motion by Defendant Gosling to set aside an inquest, judgment, and all subsequent proceedings, for irregularity, with costs; and that the plea puis of the defendant Gosling be allowed to stand, &c.*— This suit was commenced on two promissory notes against defendant Gosling, on the 6th March 1841, who then resided in the county of Montgomery, New-York. Mitchell and Sacia appeared for defendant, and pleaded general. issue, 20th March 1841. The cause was noticed for trial and inquest for the first Monday of May 1841, at the New-York circuit, where the venue was laid, and where the plaintiff and the defendant then resided : the cause not having been tried, was again noticed for the July circuit thereafter. The defendant Gosling supposed that the cause was abandoned as to him, until it was subsequently again noticed for trial for the last May circuit in New-York, by notice of trial served on Mitchell and Sacia, defendant's attorneys, and received by them on the 14th April last. This notice of trial, Mitchell & Sacia sent to defendant, who resided then in the city of New-York, stating that they supposed the cause was settled or abandoned as to him, and advised him to employ another attorney. The defendant Gosling was discharged under the bankrupt

law, September 19th, 1843. Wm. Mulock, Esq., who was substituted as attorney for defendant, stated that he called on plaintiff's attorney and stated to him that if plaintiff persevered in the suit, the defendant must plead his discharge — that if plaintiff's attorney had any wish to test the discharge he would pay what costs plaintiff claimed, put in a plea of the discharge and try it upon the present notice before judge Edmonds; plaintiff's attorney replied that it was too late to plead the discharge and he could not agree to the proposition. Defendant's attorney thereupon prepared a plea of discharge *puis* &c., filed it in bank and served a copy on plaintiff's attorney on the first day of the last May term, the circuit commencing at that time; when the cause was called, defendant's attorney stated the facts to the judge, of the plea being filed and served, and exhibited to him the certificate of discharge, which plaintiff's attorney admitted, but insisted that the matter of defence arose two years ago. Defendant's attorney urged before the judge that the pleadings presented were not in fact the pleadings in the case, and that if they were irregular by being pleaded late it was then a matter before the Supreme Court, and not within his control. The judge decided he would be governed by the pleadings which were presented, at the risk of plaintiff's attorney and all the questions as to the sufficiency or the making sufficient as to time of the plea, could be settled by the Supreme Court on motion; wherupon an inquest was taken by plaintiff for three hundred and ninety-two dollars and forty-two cents, judgment record filed for four hundred and sixty-seven dollars and three cents on the 9th May, 1845. Plaintiff's attorney stated that he nor the plaintiffs as he believed, ever had any knowledge of defendant's discharge, until about the time the cause was noticed for trial last April. On the fourth day of the circuit when the cause was called on for trial in *its order, the defendant's* counsel offered to and did plead and tender the plea *puis* &c., to the circuit judge, the plaintiff's counsel objected to the pleas being received or evidence of the discharge admitted; that after hearing counsel on both sides the circuit judge decided that the defendant had been guilty of unwarrantable laches in not pleading his discharge earlier, especially as all parties were living in the city of New York, and he should not receive the pleas nor admit evidence of the discharge, to which decision the counsel for defendant excepted. Plaintiff's attorney stated that these pleas were pleaded at the *circuit* and not in bank as he believed, and to this end were verified in the usual manner required when pleaded at the circuit; and he affirmed that the question was distinctly argued before and passed upon by the circuit judge who ruled out the pleas and defence

under them, on the ground of delay.  Plaintiff's attorney also stated that the cause had never been abandoned as to defendant Gosling.

N. Hill, Jr., *Defts Counsel.*          W. Mulock, *Defts Atty.*

Danl. Egan, *Plffs Counsel.*          M. M. Davidson, *Plffs Atty.*

Jewett, Justice.—Granted the motion on payment of costs of circuit and subsequent proceedings and seven dollars costs of opposing this motion, with leave to defendant to plead his discharge *puis* &c., as of October term, 1843.

---

George W. Anderson vs. John Vandenburgh and four others.

Original motion papers should be addressed to *all* the attorneys opposed, otherwise those to whom they are *not* addressed may appear and take a rule for costs for not moving, even where the motion has been made.

*Motion by plaintiff to set aside and vacate a rule for costs entered in this cause on the 7th June, 1844, and all subsequent proceedings for the collection thereof.*—The original motion papers in this cause for reference at June special term, 1844, were addressed to Wm. H. Greene, Esq., Buffalo, as attorney for four of the defendants.  Clark and Pattison attorneys for the defendant Vandenburgh, were served with notice of same motion by plaintiff's attorneys, and appeared and offered to oppose the motion, when it was made by plaintiff's counsel.  Plaintiff's counsel said he had no papers addressed to Clark & Pattison in the cause, the papers he held, were addressed to Wm. H. Greene, Esq., Buffalo.  Clark who appeared as counsel for Vandenburgh, supposing there might be two causes between the same parties, waited for another motion to be made until the close of the term, and no other being made, he took a rule for costs against plaintiff for not moving — which was sought to be set aside by plaintiff's attorneys on this motion, on the ground that the original motion had been made and was opposed.

M. T. Reynolds, *Plffs Counsel.*     Tucker and Crapo, *Plffs Attys.*

E. Clark, *Defts Counsel.*          Clark and Pattison, *Defts Attys.*

Jewett, Justice.—Denied the motion with costs on the ground that Clark & Pattison attended the term in good faith, with an intention to oppose the motion as they were bound to do by the notice served on them, and in consequence of the omission of plaintiff's attorneys in addressing their original papers to Clark & Pattison, they had good reason to suppose there might be two causes between the same parties, and took a rule for costs regularly.